UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAEMON LOVE, et al.,

    Plaintiffs,

v.

JACOB J. LEW, et al.,

    Defendants.
_____/

Case No. 13-14946
Hon. Matthew F. Leitman

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ADDITIONAL TIME TO RESPOND TO GOVERNMENT DEFENDANTS' MOTION TO DISMISS (ECF #35)

Approximately six weeks ago, on August 15, 2014, Defendants Jacob J. Lew and Shaun Donovan (collectively, the "Federal Government Defendants") moved to dismiss the instant action. (*See* the "Motion to Dismiss," ECF #28.) Pursuant to Local Rule 7.1(e)(1)(B), Plaintiffs' response was due on September 5, 2014. However, Plaintiffs did not file a timely response. Accordingly, the Court ordered Plaintiffs to show cause why the Motion to Dismiss should not be granted. (*See* ECF #29.) In response, Plaintiffs' counsel requested that the Court extend the deadline for them to submit a response. (*See* ECF #30.) The Court granted Plaintiffs' counsel an extension until October 1, 2014. (*See* ECF #31.)

1

Now before the Court is yet another request by Plaintiffs' counsel for an extension of time to respond to the Motion to Dismiss. (*See* the "Motion," ECF #35.) In this request, Plaintiffs' counsel asserts that he "needs to make substantial revisions to the response that he was planning to file" in light of the Sixth Circuit's September 29, 2014, opinion in *Rubin v. Fannie Mae*, No. 13-1010, slip op. (6th Cir. Sept. 29, 2014). (*Id.* at ¶4.) Plaintiffs' counsel asserts that "some of the issues raised [in *Rubin*] overlap some of the issues in this case – specifically 'overbids' at a mortgage foreclosure sheriff's sale." (*Id.* at ¶3.) Accordingly, Plaintiffs' counsel seeks an additional 30-day extension "to conduct … needed research." (*Id.* at ¶¶5-6.)

In *Rubin*, plaintiff Ilanit Rubin ("Rubin") made two claims against Fannie Mae relating to the foreclosure of her home, and the Sixth Circuit rejected both. First, Rubin argued that the foreclosure violated the Due Process Clause of the Fifth Amendment. *See Rubin*, slip. op. at 3. The Sixth Circuit affirmed the dismissal of this claim because Fannie Mae is not a state actor. *See id.* at 4. Second, Rubin argued that the winning bid at the foreclosure sale violated M.C.L. § 600.3228 because it exceeded the fair market value of the property. *See id.* at 5. The Sixth Circuit "decline[d] to address" this claim because "making an other-than-market-value bid at a sheriff's sale [does not] constitute[] fraud sufficient to set aside [a] foreclosure." *Id.* at 5-6.

The Court believes that *Rubin* is, at best, only tangentially related to the Federal Government Defendants' Motion to Dismiss. Indeed, the first issue in *Rubin* is inapposite to this action, as there is no dispute in this case as to whether the Federal Government Defendants are state actors. Further, Rubin's M.C.L. § 600.3228 claim appears to be only marginally relevant here, as Plaintiffs' claims against the Federal Government Defendants involve federal laws and regulations – *not* the Michigan state law at issue in *Rubin*. (*See* Compl. at ¶¶48-55.)

In addition, to the extent that *Rubin* is relevant here, Plaintiffs' counsel's assertion that he needs additional time to "attempt to distinguish the case law cited in *Rubin*" (Motion at ¶5) is tenuous. Indeed, another defendant in this action, Wells Fargo Bank, N.A. ("Wells Fargo"), previously cited the two cases on which *Rubin* primarily relies,[1] and Plaintiffs' counsel has already responded to those arguments. (*See* ECF #18 at 15-16, Pg. ID 192-93; ECF #24 at 10, Pg. ID 306.) Similarly, on the same day that this Court heard oral arguments on Wells Fargo's motion to dismiss this action, Plaintiffs' counsel argued another case before this Court in which the defendant relied on the cases cited in *Rubin*. *See Elezaj v. U.S. Bank, N.A.*, No. 14-cv-10485 (E.D. Mich. filed Jan. 31, 2014). Simply put, *Rubin* does not rely on any new case law with which Plaintiffs' counsel is not already

---

[1] *Bryan v. JPMorgan Chase Bank*, 848 N.W.2d 482 (Mich. Ct. Appl. 2014) and *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355 (6th Cir. 2013).

familiar. Accordingly, Plaintiffs' counsel's request for a 30-day extension is excessive, even taking into account his observance of religious holidays.

Moreover, Plaintiffs' counsel has a pattern of not complying with deadlines for filing responses to dispositive motions, and this Court has repeatedly accommodated his (sometimes belated) requests for extensions of time. Indeed, Plaintiffs' counsel failed to file a timely response to Wells Fargo's motion to dismiss this action, and Plaintiffs' counsel ultimately responded only after being specifically ordered to do so by the Court. (*See* ECF #19.) In addition, as discussed above, Plaintiffs' counsel has already sought – and the Court has granted – an extension of time to respond to the Federal Government Defendants' Motion to Dismiss, which has been pending for more than six weeks.

For the reasons discussed above, the Court will not grant Plaintiffs' counsel's request for a 30-day extension. Nonetheless, the Court will permit a modest extension of time to allow Plaintiffs' counsel to review *Rubin* and to accommodate Plaintiffs' counsel's religious observance. **Plaintiffs' counsel is advised that the Court will not – under any circumstances – grant him any additional extensions of time in this action.** Further, Plaintiffs' counsel is advised that if he takes advantage of the modest extension of time permitted in this Order, the Court expects that his response to the Motion to Dismiss will discuss *Rubin* and "attempt to distinguish the case law cited" therein. (Motion at ¶5.)

4

For the reasons discussed above, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART**. **IT IS HEREBY ORDERED** that Plaintiffs shall respond to the Motion to Dismiss by **4:00 p.m. on October 8, 2014**. **IT IS FURTHER ORDERED** that the Federal Government Defendants may reply within 21 days after Plaintiffs respond.

Plaintiffs' counsel is again put on notice that any additional failure to comply with any order of this Court, Local Rule, or Federal Rule of Civil Procedure will result in dismissal of Plaintiffs' Complaint (with prejudice, if appropriate) and monetary sanctions against Plaintiffs' counsel personally.

>s/Matthew F. Leitman
>MATTHEW F. LEITMAN
>UNITED STATES DISTRICT JUDGE

Dated:  October 1, 2014


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 1, 2014, by electronic means and/or ordinary mail.

>s/Holly A. Monda
>Case Manager
>(313) 234-5113