UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAEMON LOVE, et al.,

    Plaintiffs,                                      Case No. 13-cv-14946
                                                        Hon. Matthew F. Leitman

v.

JACOB J. LEW, et al.,

    Defendants.

_____/

## ORDER GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S AMENDED MOTION TO DISMISS (ECF #18)

In this action, Plaintiff Daemon Love ("Love") challenges certain federal regulations that, in his view, unlawfully prevent homeowners from redeeming their homes for fair market value following a foreclosure sale. (*See* the "Complaint," ECF #6 at ¶2.) Although Love acknowledges that his "Complaint is chiefly against the [federal] government" (Resp. Br., ECF #24 at 13, Pg. ID 309), Love also names Wells Fargo Bank, N.A. ("Wells Fargo"), as a defendant. Love contests Wells Fargo's foreclosure of his real property on the grounds that Wells Fargo (1) violated various federal regulations governing foreclosure proceedings, and (2) unfairly submitted a so-called "full-credit bid" – rather than a fair market price bid – at the sheriff's sale. Wells Fargo has now moved to dismiss Love's Complaint. (*See* ECF #18.) For the reasons explained below, the Court **GRANTS** Wells Fargo's motion.

# FACTUAL BACKGROUND

On or about March 26, 2004, Love obtained a $98,055 loan from First Class Financial Corporation ("First Class") to purchase real property located at 20060 Conley Street in Detroit, Michigan (the "Property"). (*See* ECF #18-2.) As security for the loan, Love granted a mortgage to First Class. (*See* the "Mortgage," ECF #18-3 at 2, Pg. ID 210.) Through a series of assignments, Wells Fargo acquired the Mortgage on or about December 8, 2006. (*See* ECF #18-4.) Love eventually defaulted on the Mortgage, and Wells Fargo initiated foreclosure proceedings. (*See* ECF #18-5 at 6, Pg. ID 229.) Wells Fargo purchased the Property at a sheriff's sale on January 12, 2011, with a bid of $101,316.28 (the "Sheriff's Sale"). (*See id.* at 2, Pg. ID 225.) The $101,316.28 bid by Wells Fargo represented the full outstanding balance on Love's mortgage and did not necessarily represent the actual fair market value of the Property at that time. (*See* Resp. Br. at 2-3, Pg. ID 298-99.) Pursuant to M.C.L. § 600.3240, Love's right to redeem the Property expired on July 12, 2011.

## STATE COURT EVICTION PROCEEDINGS, PROCEDURAL HISTORY OF THIS ACTION, AND LOVE'S REQUESTS FOR RELIEF

### A. State Court Eviction Proceedings

On October 28, 2011, Wells Fargo initiated a summary proceeding in Michigan's 36th District Court to evict Love from the Property. (*See* ECF #18-6.) Love filed a counter-complaint against Wells Fargo seeking, *inter alia*, injunctive

relief tolling the statutory redemption period. (*See* the "Counter-Complaint," ECF #18-7 at 13, Pg. ID 248.) Love alleged that Wells Fargo "submitted a full credit bid at the Sheriff['s] Sale … which was 90% greater than the current fair market value of the Property," thereby "preventing Love from having any realistic opportunity to redeem." (*Id.* at 11, 13; Pg. ID 246, 248.) Love asserted that Wells Fargo's full-credit bid violated M.C.L. § 600.3228, which provides that a mortgagee may purchase foreclosed property "fairly and in good faith." (*Id.* at 11, Pg. ID 246.) Wells Fargo moved for summary disposition, and the state district court denied Wells Fargo's motion.

On appeal, the Wayne County Circuit Court reversed the district court's ruling. (*See* the "Circuit Court Opinion," ECF #18-8 at 2-4, Pg. ID 255-57.) The circuit court found "no support in the law for [Love's] position that bidding the amount of the indebtedness is not fair or in good faith." (*Id.* at 8, Pg. ID 261.) Further, the circuit court specifically held that Wells Fargo's full-credit bid was "not by definition … unfair." (*Id.*) Accordingly, the circuit court remanded the case to the district court. (*Id.*) The district court thereafter granted Wells Fargo's motion for summary disposition and entered a judgment of possession in Wells Fargo's favor. (*See* the "Judgment of Possession," ECF #18-9.)

3

**B. Procedural History of This Action and Love's Requested Relief**

On January 10, 2014, Love filed his Complaint in this Court.[1] Most of the allegations in the Complaint relate to claims against federal government officials for their adoption and enforcement of certain regulations. (*See* Compl. at ¶¶1-6, 18-30.) These allegations do not apply to Wells Fargo.[2] However, Love does allege that Wells Fargo failed to comply with certain regulations and policies of the United States Department of Housing and Urban Development ("HUD") during the foreclosure process. (*See* Compl. at ¶¶31-34, 36.) In addition, Love alleges that Wells Fargo "made a full credit bid … which was far in excess of the actual market value making it impossible for [Love] to redeem the [P]roperty." (*Id.* at ¶35.) Love asserts that Wells Fargo's bid at the Sheriff's Sale (1) violated M.C.L. § 600.3228 and (2) breached an implied covenant of good faith and fair dealing in the Mortgage. (*Id.* at ¶37.)

---

[1] Love's co-plaintiffs in this action, Gary and Beth Marshall, do not bring claims against Wells Fargo.

[2] As noted above, Love acknowledges that his "Complaint is chiefly against the [federal] government." (Resp. Br. at 13, Pg. ID 309.) In his Response Brief and at oral argument, Love conceded that nearly all of the requests for relief in his Complaint (other than the two claims described below) are directed against the federal government defendants (i.e., Jacob Lew and Shaun Donovan) or Defendant Taylor Bean & Whitaker Mortgage Corporation – not Wells Fargo. (*See id.* at 11, 13; Pg. ID 307, 309.)

Love requests two types of relief against Wells Fargo. First, Love "asks this Court to set aside the [foreclosure and Sheriff's Sale] and allow him to either seek a loan modification pursuant to statute and/or to purchase or redeem the property for the fair market value." (*Id.* at 12, Pg. ID 31.) Second, Love "ask[s] this Court to award [him] damages against [Wells Fargo] for the contractual breach of the implied covenant of good faith and fair dealing." (*Id.* at 14, Pg. ID 33.)

On June 4, 2014, Wells Fargo filed its Amended Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* the "Motion," ECF #18.) The Court heard oral argument on the Motion on September 18, 2014.

## GOVERNING LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512

5

(6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[3]

## ANALYSIS

### A. This Court Lacks Jurisdiction to Set Aside the Foreclosure and Sheriff's Sale Under the *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 359, 463 (2006) (discussing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983)). Stated another way, federal district courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and

---

[3] "In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, and (3) documents that are a matter of public record." *Holliday v. Wells Fargo Bank, NA*, No. 13-cv-11062, 2013 WL 3880211, at *2 (E.D. Mich. July 26, 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, *Rooker-Feldman* precludes jurisdiction where "the relief that [plaintiff] request[s] c[an] not be granted without overturning the judgment of the state court." *Durham v. Haslam*, 528 Fed. App'x 559, 564 (6th Cir. 2013).

The *Rooker-Feldman* doctrine deprives this Court of subject-matter jurisdiction to grant Love the first form of relief he seeks: the setting-aside of the foreclosure and Sheriff's Sale to allow him to seek a loan modification or repurchase the Property at its fair market value. Granting this relief would effectively overturn the Judgment of Possession, which conclusively established Wells Fargo's right to possession of the Property. Because Love's request that the Court undo the foreclosure and Sheriff's Sale is "effectively … [an] appeal from the state order granting possession" to Wells Fargo, *Rooker-Feldman* precludes this Court from granting relief. *Givens v. Homecomings Financial*, 278 Fed. App'x 607, 608 (6th Cir. 2008).

Moreover, even if this Court did have jurisdiction to consider Love's request for relief, his claim would still fail. After the redemption period lapses – as it has in this case – a mortgagor may invalidate or set aside a foreclosure and sheriff's sale "only by demonstrating fraud or irregularity in the foreclosure proceedings." *Kopko v. Bank of N.Y. Mellon*, No. 12-13941, 2012 WL 5265758, at *8 (E.D.

Mich. Oct. 23, 2012) (collecting authority). The fraud or irregularity "must relate to the foreclosure proceeding itself." *Conlin v. Mortg. Elec. Registration Sys.*, 714 F.3d 355, 359 (6th Cir. 2013). Further, "courts may only set aside the foreclosure if the mortgagor shows that he or she was prejudiced by the fraud or irregularity." *Bernard v. Fed. Nat. Mortg. Ass'n*, No. 13-1477, slip op. at 5 (6th Cir. Sept. 29, 2014). In this case, Love has cited no authority to support his assertion that Wells Fargo's alleged violations of HUD regulations and policies and/or Wells Fargo's "full-credit bid" constitute fraud or irregularity in the foreclosure proceedings. Moreover, Love has not pleaded that he suffered prejudice – i.e., "that he would have been in a better position to preserve his interest in the property absent [Wells Fargo's] actions." *Thompson v. JPMorgan Chase Bank, N.A.*, 563 Fed. App'x 440, 442 (6th Cir. 2014)). Accordingly, Love has failed to state a viable claim for the setting aside of the foreclosure and Sheriff's Sale.

### B. Love's Claim for Breach of a Covenant of Good Faith and Fair Dealing is Not Viable Under Michigan Law and, Even if Re-Pleaded, Relief Would Be Barred by Collateral Estoppel

Love's second request for relief – contractual damages for Wells Fargo's alleged breach of an implied covenant of good faith and fair dealing by "overbidding" at the Sheriff's Sale – fails as a matter of law because Michigan does not recognize an independent claim for breach of a covenant of good faith and fair dealing. *See, e.g.*, *Burrell v. CitiMortgage, Inc.*, No. 12-cv-14081, 2014 WL

8

1464441, at *7 (E.D. Mich. Apr. 15, 2014) (citing *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 35 (2006)). Love recognizes as much. He acknowledges that his "claim should have been pled [sic] as a breach of contract claim whereby [Wells Fargo] breached the contract by breaching the implied covenant of good faith and fair dealing." (Resp. Br. at 16, Pg. ID 312.) He therefore informally requests leave to "amend the Complaint to comply with the existing caselaw." (*Id.*) The Court will not permit Love to amend his Complaint because, even if re-pleaded, his request for contractual damages based on Wells Fargo's alleged bad faith would be barred by collateral estoppel. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend is appropriate if amendment would be futile).

Under Michigan law, collateral estoppel generally prevents a party from re-litigating an issue when "(1) a question of fact essential to the judgment [was] actually litigated and determined by a valid and final judgment; (2) the same parties … had a full and fair opportunity to litigate the issue; and (3) there [was] mutuality of estoppel." *McCormick v. Braverman*, 451 F.3d 382, 397 (6th Cir. 2006) (citing *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845-46 (2004)) (internal punctuation omitted).[4] In this case, the issue of whether Wells Fargo

---

[4] Because the Judgment of Possession was issued by a Michigan district court, this Court considers the preclusive effect of that judgment under Michigan law. *See Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007) ("when considering the preclusive effect of a state court judgment, [a federal court] must look to the law of that state") (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).

9

acted in bad faith or unfairly by submitting a "full-credit bid" was actually litigated and decided in the state-court eviction proceedings.[5] Indeed, the circuit court found "no support in the law for [Love's] position that bidding the amount of the indebtedness is not fair or in good faith." (Circuit Court Opinion at 8, Pg. ID 261.) The circuit court also determined that Wells Fargo's full-credit bid was "not by definition … unfair." (*Id.*) Moreover, Love and Wells Fargo were both parties to the state-court proceedings; in those proceedings Love had a full and fair opportunity to litigate the issue of whether Wells Fargo's full-credit bid was unfair and/or in bad faith; and the proceedings resulted in valid and final judgment. Accordingly, Love is collaterally estopped from establishing that Wells Fargo's bid at the Sheriff's Sale was unfair or in bad faith.

Love argues that collateral estoppel does not bar his request for relief because the Judgment of Possession has limited preclusive effect. (*See* Resp. Br. at 7-9, Pg. ID 303-05.) Love cites to M.C.L. § 600.5750, which provides that a

---

[5] It is of no help to Love that the claim before the circuit court (Wells Fargo's alleged breach of M.C.L. § 600.3228, which required Wells Fargo's bid at the Sheriff's Sale to be "fair[] and in good faith") is different from the claim before this Court (Wells Fargo's alleged breach of an implied covenant of good faith and fair dealing). Indeed, collateral estoppel bars re-litigation of an issue (in this case, whether Wells Fargo acted unfairly or in bad faith) "*even if the issue recurs in the context of a different claim.*" *Arkansas Coals, Inc. v. Lawson*, 739 F.3d 309, 320 (6th Cir. 2014) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)) (emphasis added).

judgment obtained via a summary proceeding – like the Judgment of Possession – "does not merge or bar any other claim for relief." M.C.L. § 600.5750. However, the Michigan Supreme Court's decision in *Sewell v. Clean Cut Mgmt., Inc.*, 621 N.W.2d 222 (Mich. 2001), which interpreted M.C.L. § 600.5750, makes clear that the Judgment of Possession *does* preclude Love from re-litigating the specific issue of whether Wells Fargo acted unfairly or in bad faith. In *Sewell*, a tenant sued her landlord for unlawful eviction, and the landlord moved for a directed verdict on the ground that the tenant's claims were precluded by a judgment of possession he previously obtained in a summary proceeding. *See id.* at 222. The Michigan Supreme Court held that although a judgment obtained in a summary proceeding does not bar claims that "*could have been brought*" during summary proceedings, "but were not," it *does* bar the re-litigation of "the issues *actually litigated* in the summary proceedings." *Id.* at 225 (emphasis added). Thus, the *Sewell* court held that the landlord's prior judgment of possession obtained in the summary proceeding was "conclusive on the narrow issue whether the eviction was proper." *Id.* at 225-26. Similarly, in this case, the Judgment of Possession precludes Love from attacking the foreclosure and Sheriff's Sale on the ground that Wells Fargo's full-credit bid was unfair or in bad faith.

Finally, even if Love's request for damages based upon Wells Fargo's alleged unfairness and/or bad faith was not barred by collateral estoppel, he still

11

would not be entitled to relief. Indeed, the United States Court of Appeals for the Sixth Circuit and other courts in this District have held that a foreclosing bank's full-credit bid does not violate the bank's duty to act fairly and in good faith. *See Rubin v. Fannie Mae*, No. 13-1010, slip op. at 5-6 (6th Cir. Sept. 29, 2014); *Letvin v. Lew*, No. 13-cv-12015, 2014 WL 2865143 at *7-8 (E.D. Mich. June 24, 2014); *In re Hopkins*, 13-cv-14757, 2014 922773 at *4 (E.D. Mich. March 10, 2014); *Bank of America v. Dennis*, No. 12-cv-11821, 2013 WL 1212602 (E.D. Mich. March 25, 2013). Moreover, "[s]uch bids actually help a borrower because in such [a] situation the borrower is no longer liable for the debt." *Washington v. BAC Home Loans Servicing, L.P.*, No. 12-cv-12940, 2013 WL 5476023, at *5 (E.D. Mich. Oct. 2, 2013) (internal citation omitted). Love has failed to demonstrate that a bid that "actually help[s] a borrower" is somehow unfair or in bad faith.

## CONCLUSION

For all the reasons stated in this Opinion and Order, **IT IS HEREBY ORDERED** that Wells Fargo's Amended Motion to Dismiss (ECF #18) is **GRANTED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: October 3, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 3, 2014, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda
                                              Case Manager
                                              (313) 234-5113