UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAEMON LOVE, et al.,

    Plaintiffs,

v.

JACOB J. LEW, et al.,

    Defendants.

_____/

Case No. 13-cv-14946
Hon. Matthew F. Leitman

## ORDER GRANTING DEFENDANTS JACOB J. LEW'S AND SHAUN DONOVAN'S MOTION TO DISMISS (ECF #28)

Plaintiffs Daemon Love ("Love") and Gary and Beth Marshall (the "Marshalls") are former homeowners whose homes were foreclosed upon. In this action, Plaintiffs challenge certain alleged policies of the United States Department of Housing and Urban Development ("HUD") and/or the United States Department of Treasury (the "Treasury") that, in their view, unlawfully prevented them from repurchasing or redeeming their homes for fair market value. (*See* the First Amended Complaint, hereinafter the "Complaint," ECF #6 at ¶2.) Defendant Secretary of the Treasury Jacob J. Lew and Defendant Secretary of HUD Shaun Donovan (collectively, the "Government Defendants") have now moved to dismiss Plaintiffs' Complaint. (*See* the "Motion," ECF #28.) For the reasons explained below, the Court **GRANTS** the Government Defendants' Motion.

1

## FACTUAL BACKGROUND

Love obtained a loan from Wells Fargo Bank, N.A. ("Wells Fargo"), to purchase real property located at 20060 Conley Street, Detroit, Michigan. (*See* Compl. at ¶¶8, 12.)[1] Love granted a mortgage to Wells Fargo as security for the loan. (*See id.* at ¶12.) Love's loan was insured by HUD such that if Love defaulted on the loan and certain conditions were met, HUD would reimburse Wells Fargo the unpaid principal balance of the loan. (*See id.* at ¶¶12, 23, 35; *see also* 12 U.S.C. §§ 1709-10.) Love eventually defaulted on the loan, and Wells Fargo initiated foreclosure proceedings. (*See* Compl. at ¶¶35, 58.) Wells Fargo ultimately acquired the property at the foreclosure sale with a bid that represented the full outstanding balance on Love's loan and was substantially higher than the actual fair market value of the property at that time (a "full-credit bid"). (*See id.* at ¶35.) Love has conceded that his right to redeem the property pursuant to M.C.L. § 600.3240 has expired.

The Marshalls obtained a loan from Taylor, Bean & Whitaker Mortgage Corporation ("TBW") to purchase real property located at 16411 Sudbury Court, Macomb, Michigan. (*See id.* at ¶9.) The Marshalls' loan was also insured by HUD. (*See id.* at ¶13.) The Marshalls granted a mortgage to TBW as security for the loan. (*See id.* at ¶13.) The Marshalls defaulted, and TBW ultimately acquired the property at a foreclosure sale. (*See id.* at ¶¶35, 64.) TBW's bid at the foreclosure sale was a

---

[1] For purposes of this Motion, the Court accepts as true the factual allegations in the Complaint.

2

full-credit bid.  (*See id.* at ¶35.)  Similar to Love, the Marshalls have conceded that their statutory right to redeem their property has expired.  *See* M.C.L. § 600.3240.

## **PROCEDURAL HISTORY**

On January 10, 2014, Plaintiffs filed their Complaint in this Court.  As relevant here, Plaintiffs allege that the Government Defendants have adopted policies and/or regulations that require a foreclosing lender to submit a "full-credit bid[] … far in excess of the actual market value" of the foreclosed property in order to obtain HUD insurance proceeds on the underlying loan (the "Alleged Full-Credit Bid Policy"). (Compl. at ¶28.)  Plaintiffs contend that the Alleged Full-Credit Bid Policy prevented them from repurchasing or redeeming their properties for fair market value.  (*See id.* at ¶5.)  Plaintiffs bring their claims on their own behalf and on behalf of a purported class of foreclosed-upon homeowners.

Plaintiffs' specific allegations and claims against the Government Defendants are summarized in Paragraphs 49-52 of their Complaint:[2]

> 49. As was outlined above, the Government has policies and/or regulations requiring foreclosing lenders such as [Wells Fargo and TBW] to go to foreclosure sales and full-credit bid properties such as the named Plaintiffs' properties even though the bids are far in excess of the market value of such properties so that the foreclosing lenders can collect insurance and/or government payments to be made whole in the event of a loss on a non-performing loan.

---

[2]  Plaintiffs' Complaint also contains claims against Wells Fargo and TBW.  This Court has previously dismissed all of Love's claims against Wells Fargo.  (*See* ECF #37.)  The Marshalls' claims against TBW have been stayed as a result of TBW's pending bankruptcy.  (*See* ECF #34.)

50. The government's policies and regulations are arbitrary and capricious and violate the purposes stated in 12 USC § 5201 and 24 C.F.R. § 203.500.

51. Furthermore, the government's policies and regulations violate the 14th Amendment to the United States Constitution as they discriminate against existing homeowners such as homeowners are not allowed to purchase and/or redeem their homes at the fair market value – meaning the same price that a non-party would pay for the home once it becomes vacant after the homeowner is evicted.

52. These policies and/or regulations are further detrimental to the citizens of the United States as allowing the existing homeowners to purchase and/or redeem their homes for the fair market value would eliminate the costs to evict the homeowner and would further stabilize the housing market as opposed to disrupting additional families and creating additional housing vacancies.

(Compl. at ¶¶49-52.)

The sole relief that Plaintiffs seek against the Government Defendants is a "declar[ation] that the [Alleged Full-Credit Bid Policy] enacted by the Secretary of the Treasury in conjunction with the Secretary of HUD are arbitrary and capricious, an abuse of discretion and that they violate the equal protection clause of the 14th Amendment to the United States Constitution." (*Id.* at ¶55.)

On August 15, 2014, the Government Defendants filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. (*See* the Mot.) The Court heard oral argument on the Motion on December 15, 2014. For the reasons stated below, the Court now **GRANTS** the Motion.

4

## ANALYSIS

**A. Plaintiffs Lack Standing to Bring Their Claim Against the Government Defendants**

   **1. Legal Standard Governing Article III Standing**

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). "Article III standing … enforces the Constitution's case-or-controversy requirement." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated on other grounds* by *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014). As the party invoking federal jurisdiction, Plaintiffs must establish standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "To satisfy Article III's standing requirement, a plaintiff must show: '(1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Cleveland Branch NAACP v. City of Parma*, 263 F.3d 513, 523-24 (6th Cir. 2001) (quoting *Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000)). *See also Am. Civil Liberties Union of Ohio Found., Inc., v. DeWeese*, 633 F.3d 424, 429 (6th Cir. 2011) (in order to establish

standing, plaintiff must demonstrate, among other things, "a substantial likelihood the relief requested will redress or prevent [her] injury").[3]

"If Plaintiffs cannot establish constitutional standing, their claims must be dismissed for lack of subject matter jurisdiction." *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007). "Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*."[4] *Id.*

### 2. Plaintiffs Have Failed to Show a Substantial Likelihood That Their Alleged Injuries Would Be Redressed by the Relief They Seek

The *only* relief that Plaintiffs seek against the Government Defendants is a declaratory judgment invalidating the Alleged Full-Credit Bid Policy. (*See* Compl. at ¶¶49, 55.) Plaintiffs lack standing to bring this claim because they have not shown that such a declaration would redress their injuries – i.e., their inability to repurchase or redeem their respective properties at fair market value.

Plaintiffs' properties have already been sold at foreclosure sales, and their respective statutory redemption periods have expired. Thus, at this time, Plaintiffs

---

[3] "The fact that the … Plaintiffs seek to proceed with their claims on a class basis does not change the fundamental requirement of standing." *In re Packaged Ice Antitrust Litigation*, 779 F.Supp.2d 642, 653 (E.D. Mich. 2011). "That a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class must" demonstrate Article III standing. *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (internal citation omitted).

[4] Although the Government Defendants have withdrawn their 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction with respect to the Marshalls (*see* ECF #43), the Court nonetheless must independently consider whether Plaintiffs have established Article III standing. *See, e.g.*, *U.S. v. Green*, 654 F.3d 637, 647 (6th Cir. 2011) (federal courts "have an obligation to raise standing issues *sua sponte*").

have no remaining interest in their properties, *see Goryoka v. Quicken Loan, Inc.*, 519 Fed. App'x 926, 927 (6th Cir. 2013), and they have no current right to bid for, redeem, or repurchase their properties. Since Plaintiffs have no such right, a forward-looking declaration invalidating the Alleged Full-Credit Bid Policy would not benefit Plaintiffs. It would not remedy their past inability to repurchase and/or redeem their properties for fair market value, nor would it permit them to re-acquire their properties in the future. Where, as here, a plaintiff's requested declaration would neither redress his past injury nor prevent future injury to him, the plaintiff lacks standing to pursue his claim. *See, e.g.*, *Mayfield v. United States*, 599 F.3d 964, 969-72 (9th Cir. 2010).

At oral argument, Plaintiffs insisted that their requested declaration would redress their injury. Plaintiffs contended that if this Court were to declare the Alleged Full-Credit Bid Policy unlawful, then some other court (in a separate action) might later set aside the completed foreclosure sales of their properties. Plaintiffs cited the rule that a completed foreclosure sale may be set aside after the expiration of the statutory redemption period if the borrower makes a clear showing of "fraud or irregularity" in the foreclosure proceedings. *See, e.g.*, *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013). Plaintiffs then argued that if this Court were to declare the Alleged Full-Credit Bid Policy unlawful, they would be able to demonstrate that the foreclosure proceedings on their properties – during which, they claim, the lenders complied with the Alleged Full-Credit Bid Policy – were tainted by fraud or irregularity. Plaintiffs argued that once they made such a

7

showing, a court would grant their request to set aside the completed foreclosures on their properties.

Plaintiffs have cited no authority to support their contention that their requested declaration, if granted, would persuade a court in a later action that the lenders' adherence to the Alleged Full-Credit Bid Policy amounted to a "fraud" or "irregularity." Indeed, several of the judges in this District, as well as the Sixth Circuit in an unpublished decision, have indicated that a lender's full-credit bid is *not* fraudulent or unfair. *See, e.g.*, *Rubin v. Fannie Mae*, --- Fed. App'x ---, 2014 WL 4800282, at *3 (6th Cir. Sept. 29, 2014) ("We are not persuaded that making an other-than-market-value bid at a sheriff's sale constitutes fraud sufficient to set aside the foreclosure."); *Letvin v. Lew*, No. 13-cv-12015, 2014 WL 2865143 at *7-8 (E.D. Mich. June 24, 2014) (lender's full-credit bid at foreclosure sale does not violate state-law requirement of fairness and good-faith).[5] These decisions cast serious doubt on Plaintiffs' argument that a different court, in a separate action, might later conclude that a lender's compliance with the Alleged Full-Credit Bid Policy amounted to fraud or irregularity.

---

[5] *See also In re Hopkins*, 13-cv-14757, 2014 WL 922773 at *4 (E.D. Mich. March 10, 2014) (lender's full-credit bid at foreclosure sale does not violate state-law requirement of fairness and good-faith); *Bank of America v. Dennis*, No. 12-cv-11821, 2013 WL 1212602 (E.D. Mich. March 25, 2013) (same); *Washington v. BAC Home Loans Servicing, L.P.*, No. 12-cv-12940, 2013 WL 5476023, at *5 (E.D. Mich. Oct. 2, 2013) (lender's full-credit bid "actually help[s] a borrower because in such situation the borrower is no longer liable for the debt") (internal quotation marks and citation omitted).

Moreover, even if Plaintiffs, using their requested declaration, could persuade a court in a later action that their foreclosure proceedings were tainted by fraud or irregularity, Plaintiffs would still face a formidable obstacle to convincing that court to set aside the completed foreclosure sales. A court may set aside a completed foreclosure sale after expiration of the redemption period only where the borrower shows *both* fraud/irregularity *and* resulting prejudice. *See Bernard v. Fed. Nat. Mortg. Ass'n*, --- Fed. App'x ---, 2014 WL 4800123, at *3 (6th Cir. 2014) ("[C]ourts may only set aside the foreclosure if the mortgagor shows that he or she was prejudiced by the fraud or irregularity.") The Plaintiffs have not shown that they suffered cognizable prejudice as a result of their lenders' compliance with the Alleged Full-Credit Bid Policy. More specifically, Plaintiffs have not presented any evidence that they would have been able to redeem and/or repurchase their properties absent the Alleged Full-Credit Bid Policy. *See, e.g.*, *Bambas v. Citimortgage, Inc.*, 577 Fed. App'x 461, 468 (6th Cir. 2014) (alleged irregularity in foreclosure proceeding did not cause prejudice where plaintiff "did not state in his complaint that he had the financial resources necessary to redeem the mortgage before the end of the redemption period"); *Letvin*, 2014 WL 2865143, at *11 (plaintiffs did not plead prejudice sufficient to set aside a foreclosure sale where, *inter alia*, they "did not allege or argue that they could have outbid the Banks at the foreclosure sale or would have bid at the foreclosure sale if the Banks had not bid"). Without any such evidence, any claim of prejudice by Plaintiffs rests on mere speculation.

9

Simply put, Plaintiffs offer only speculation in support of their argument that they could make a sufficient showing to have the foreclosure sales set aside in a later action if this Court were to strike down the Alleged Full-Credit Bid Policy here. That is not enough to satisfy the redressability element of Article III standing. *See Cleveland Branch NAACP*, 263 F.3d at 523-24 (plaintiff must show that "it is likely, as opposed to merely speculative," that requested relief will redress injury); *see also DeWeese*, 633 F.3d at 429 (plaintiff must demonstrate "a substantial likelihood" the requested relief will redress injury). Plaintiffs have not established Article III standing, and this Court therefore lacks subject-matter jurisdiction to consider Plaintiffs' claim against the Government Defendants.

## B. The Government Defendants' 12(b)(6) Motion

In their Motion, the Government Defendants argue that this Court must dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted. The Government Defendants argue that the Complaint must be dismissed because it fails to identify the actual, specific federal policy and/or regulation that the Plaintiffs ask the Court to invalidate. (*See* Mot. at 11-13, Pg. ID 386-88.) The Government Defendants note that Plaintiffs have candidly acknowledged that they do not even know "whether or not [the Alleged Full-Credit Bid Policy] actually exists." (Reply Br., ECF #39 at 2, Pg. ID 843 (quoting Resp. Br. at 11, Pg. ID 802).) Moreover, the Government Defendants argue that the Complaint must be dismissed because Plaintiffs cannot establish that the Alleged Full-Credit Bid

10

Policy violates any provision of law. (*See* Mot. at 19-22, Pg. ID 394-97; Reply Br. at 2-4, Pg. ID 843-45.)

The Government Defendants' arguments appear to have substantial merit, and, in an appropriate case, would warrant serious consideration. As the Government Defendants note, there are serious reasons to question whether Plaintiffs have stated a viable claim for declaratory relief here. In addition to the arguments made by the Government Defendants, a number of courts have held that a claim for declaratory relief is not available to attack an already-completed foreclosure, as Plaintiffs attempt to do here. *See, e.g.*, *In re Rivera*, No. 13-14351, 2014 WL 287517, at *6 (Bankr. E.D. Va. Jan. 27, 2014) ("Complaints for declaratory judgment … generally have been dismissed … where the foreclosure has already been completed") (collecting cases); *Hammett v. Deutsche Bank Nat'l Co.*, No. 09-1401, 2010 WL 1225849, at *4 (E.D. Va. Mar. 25, 2010) ("Plaintiffs' home has already been foreclosed upon, and thus, seeking a declaratory judgment … is inapposite to the underlying purpose of declaratory relief").

However, because Plaintiffs do not have standing to bring their claim against the Government Defendants, the Court lacks jurisdiction to consider these important arguments. *See, e.g.*, *Langfan v. Goodyear Tire & Rubber Co.*, 529 Fed. App'x 460, 463 (6th Cir. 2013).

## CONCLUSION

For all the reasons stated in this Opinion and Order, **IT IS HEREBY ORDERED** that the Government Defendants' Motion to Dismiss (ECF #28) is **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 7, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 7, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
